[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 48, and the defendant husband, 48, married on August 14, 1970 in St. Louis, Missouri. The plaintiff has resided continuously in this state for over one year prior to commencing this action for dissolution of their marriage thereby furnishing this court with jurisdiction. One child was born to the parties, a daughter who is now an adult and who graduated from Smith this year.
Both parties graduated from college in 1969. The defendant began a career with IBM immediately after graduation. He continued with IBM until June 30, 1991 when he accepted a severance package. He was hired immediately by Xerox where he continues to work.
He began his IBM career in St. Louis, Missouri. He was transferred to Springfield, Illinois in 1976, then to Dallas, Texas in 1979 and finally to Connecticut in 1983. When the defendant left IBM, he had a vested pension which he elected to have remain intact thereby entitling him to a core monthly benefit of $2,051.65 and an additional monthly benefit of $117.00, both payable at age 65 (defendant's Exhibit E). The defendant assigns a present value to it of $53,659.00.
The parties' daughter was born on November 11, 1973. Each transfer of the defendant necessitated a relocation of the family. The plaintiff also worked, her longest stints being with the I.R.S. while living in Dallas and with Xerox for ten years after moving to Connecticut. The plaintiff accepted a severance package on May 5, 1995 in lieu of being transferred with attendant reduction in salary. Her severance package is now exhausted. She has received one unemployment check for $335.00 representing the initial week, and she is actively seeking employment including rejoining the I.R.S.
After arriving in Connecticut, the parties purchased a home at 57 Cypress Drive, Stamford where the parties lived until July 1, 1991 when the defendant was transferred to Rochester, New York. He did not make arrangement for the plaintiff to come join him, and the parties' separation became final by the end of 1991. CT Page 12902 The plaintiff continued to live in the home until last month when it was sold. There is $77,418.29 net proceeds presently being held awaiting an order from this court (plaintiff's Exhibit #10). The defendant presently lives in a condo unit he values at $86,500 fair market value subject to mortgages totaling $67,778.00. The plaintiff is living with her mother in St. Louis presently.
The defendant's present income consists of an annual basic salary of $97,117.00, a merit payment of $3,384.00 received in March, a bonus of $23,599.00 received in February, a profit sharing payment of $9,551.00 and performance units worth $9,539.00 (defendant's Exhibit C). His gross income from employment for 1995 is $143,190.00. After federal and state income taxes, FICA and medicare the defendant's net disposable income is about $80,000.00. The plaintiff's present earning capacity based on her prior position at Xerox is $550.00 weekly gross and $333.00 net weekly.
The plaintiff has significant health problems. She has pancreatitis, high blood pressure, and genital herpes contracted from the defendant. The defendant appears to be in good health.
The marriage has been difficult. The parties sought counseling, first in 1975 and again in 1981. In 1982 the plaintiff filed for divorce, and the parties separated for a time. The final breakdown occurred in May, 1991 when the defendant told the plaintiff he had never loved her. The court has concluded that the defendant's behavior was the primary cause of the marriage breakdown.
Having reviewed the evidence in light of the statutory criteria, the court enters judgment dissolving the parties' marriage on the ground of irretrievable breakdown and issues the following orders.
1. The defendant shall pay to the plaintiff, as periodic alimony, the sum of $800.00 weekly until the plaintiff's remarriage, the death of either party, or further court order.[1] A wage withholding order is entered, contingent, and payments shall be made directly to the plaintiff. First payment is due December 1, 1995.
2. The plaintiff is awarded 50% of the defendant's IBM pension. A proper QDRO shall be prepared by the defendant's CT Page 12903 counsel and the court retains jurisdiction to effect this order.
3. The defendant is awarded $20,000.00 of the house sale proceeds. The plaintiff is awarded the balance to enable her to defray her litigation expenses and to assist her in acquiring an auto and a new home.
4. The defendant is awarded his mother's silver and a Zenith floor console TV presently in storage, and he shall remove same at the parties' mutual convenience.
5. The plaintiff is awarded the remaining contents of the marital home. Since the contents are currently in storage, the plaintiff shall be responsible for removing the same from storage as well as for any storage fees accurred after December 9, 1995.
6. The plaintiff shall retain her Xerox pension benefits, her Xerox stock, her bank accounts and any other assets presently in her possession.
7. The defendant shall retain the real estate known as 117 Courtshire Lane, Penfield, New York and the contents therein as his sole property. He shall retain his bank accounts, his profit sharing plan, and all other assets presently in his name not heretofore mentioned.
8. The defendant shall continue to maintain the plaintiff as primary beneficiary on $250,000.00 of his current life insurance listed as term life on his financial affidavit for so long as he is obligated to pay the alimony ordered herein.
This order is modifiable under the same conditions that the periodic alimony is modifiable.
9. Each party shall pay the debts each has listed on the financial affidavits filed for trial except that the plaintiff shall be solely responsible for the small claims action filed by a tradesman for work alleged to have been done at the Stamford house and the plaintiff shall hold the defendant harmless and indemnified. The defendant shall, however, take such action as necessary to contest the claim thereby preventing a default judgment.
10. The defendant shall cooperate in assisting the plaintiff in obtaining any COBRA medical coverage which may be available to CT Page 12904 her, if any there be.
Counsel for the plaintiff shall draft the judgment file.
HARRIGAN, JUDGE